IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**ALAN D. BRIDGFORD,**

      Plaintiff,

v.                                                                                  CIVIL ACTION NO.: 5:14-CV-121
                                                                                (STAMP)

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

      Defendant.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This matter is currently before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Mot. to Dismiss at 1, ECF No. 23). On September 4, 2014, Plaintiff, proceeding *pro se*, filed a Complaint alleging that the Social Security Administration ("SSA") failed to pay him his full disability benefits since July 2012. (Compl. at 2, ECF No. 1). On December 3, 2014, Plaintiff filed additional documentation in support of his Complaint and filed a Motion for Trial. (Docs. in Supp., ECF No. 7-1; Mot. for Trial, ECF No. 8). On December 16, 2014, the undersigned entered an Order Granting Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 9). On April 7, 2015, Defendant filed her Motion to Dismiss Plaintiff's Complaint. (Mot. to Dismiss, ECF No. 23). On April 20, 2015, Plaintiff filed his Response to Defendant's Motion to Dismiss and requested the Court to order full payment of benefits. (Resp. at 1, ECF No. 26). Upon referral from the Honorable Frederick P. Stamp, Jr., the undersigned now issues the following Report and Recommendation. (Order of Reference, ECF No. 25).

## II. BACKGROUND

Plaintiff alleges that the SSA has been illegally deducting $236.66 from his benefits since July 2012. (Compl. at 1, ECF No. 7). Plaintiff explains that the SSA states "that I have been living with someone" but he has "not been living with anyone since May 6, 2012." (Id.). Documentation submitted by Plaintiff indicates he was receiving benefits totaling $674.00 per month beginning in September 2011. (Docs. in Supp. at 18, ECF No. 7-1). On May 4, 2012, Plaintiff was notified that as of June 1, 2012, his monthly payment would be reduced to $465.34 due to "the food and shelter you get in someone else's home or apartment." (Id. at 35-36).

In Defendant's Brief in Support of her Motion to Dismiss, the Commissioner explains that Plaintiff filed for Supplemental Security Income ("SSI") on July 14, 2009 and his claim was denied on the initial and reconsideration levels.[1] (Br. in Supp. of Def.'s Mot. to Dismiss at 1, ECF No. 24). Plaintiff requested an administrative hearing and his claim was approved on July 26, 2011. (Id.). The award notice was issued on August 12, 2011 and his first monthly benefit was paid on September 1, 2011. (Id.). As of April 2012, agency records showed Plaintiff living with Shirley Shreve, a non-relative, in Beverly, West Virginia. (Id. at 2). Records further showed that Plaintiff was not contributing towards household expenses and Ms. Shreve is documented as having sole rental liability in the amount of $350 per month. (Id.). The Commissioner explained that "[t]his places Plaintiff in a federal living arrangement category of B, which means he is living in another person's household and receives *both* food and shelter from within he household. As a result, the agency reduces the applicable federal benefit rate (FBR) by one-third." (Id.). Thus, Plaintiff's benefits from April 2012 to present had been reduced by $232.66 to $244.33 per month. (Id.).

---

[1] The Commissioner attached the Declaration of Jackeline Aponte with her Motion to Dismiss. ("Aponte Decl.," ECF No. 24-1). The statement of the case presented by Defendant relies on Ms. Aponte's review of "agency records related to Mr. Bridgford." (Id.).

# III. DISCUSSION

Plaintiff requests that the Court order the full payment of benefits, including retroactive payments. (Compl. at 2, ECF No. 1). Defendant argues that Plaintiff has failed to exhaust administrative remedies and therefore, the Court lacks jurisdiction to conduct judicial review. (Br. in Supp. of Def.'s Mot. to Dismiss at 3-4, ECF No. 24).

## A.  Jurisdictional Basis for Judicial Review

In order for a federal court to properly consider a case, the court must be able to exercise jurisdiction over the particular type of case filed in the court. The federal statutes, Title 42, United States Code, Sections 405(g), (h) and 1383(c)(3), provide the exclusive jurisdictional basis for judicial review of Social Security cases. Title 42, United States Code, Section 405(g) provides in pertinent part:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(emphasis added). Title 42, United States Code, Section 405(h) provides in relevant part:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

(emphasis added). Thus, Congress has explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with Section 405(g).

## B.  Plaintiff Failed to Exhaust Administrative Remedies

As made clear in Title 42, United States Code, Section 405(g), a claimant can only obtain

judicial review after the claimant has exhausted administrative remedies and obtained a "final decision" from the Commissioner after a hearing. As the Supreme Court recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108 (1977). Accordingly, before bringing a case in federal court, the claimant must obtain a "final decision" from the Commissioner made after an administrative hearing.

The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable "final decision." 20 C.F.R. § 416.1400(a); see Califano, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."). To obtain a "final decision after a hearing," the claimant must pursue administrative appeal rights in accordance with the regulations. 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481.

The Social Security regulations outline an administrative process that a claimant must pursue prior to seeking judicial review in court. See McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992) (finding that the Supreme Court has "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts."). The administrative review process from Social Security claims includes the follow steps:

(1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter…

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

4

> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 416.1400(a)(1)-(5). This administrative process makes clear that after an initial determination, the claimant must proceed through the additional four steps before filing a claim in federal court.

Here, Plaintiff seeks judicial review but has not completed any of the steps of administrative review required by the SSA regulations. The Commissioner provided the signed Declaration of SSA employee, Ms. Aponte, which asserted that "as of this date, the Plaintiff has not sought a request for redetermination from the field office with the appropriate documentation." (Br. in Supp. of Def.'s Mot. to Dismiss at 4-5, ECF No. 24). Without any evidence to the contrary, the undersigned finds that Plaintiff has not appropriately requested a reconsideration of the initial determination that his benefits be reduced by one third.[2] Therefore, Plaintiff has not exhausted his administrative remedies and has not obtained a judicially reviewable final decision after a hearing from the Commissioner on the issue of the reduction of benefits. Accordingly, because Plaintiff has not exhausted his administrative remedies, the undersigned recommends that Plaintiff's Complaint be dismissed for lack of jurisdiction.

## IV. **RECOMMENDATION**

For the reasons set forth above, the undersigned respectfully recommends that Defendant's

---

[2] As the Commissioner explained in her Brief, if "Plaintiff disagrees with being in a federal living arrangement category of B, he should visit his local field office (FO) for a redetermination. At the redetermination, the FO will review his claim in its entirety, addressing his living arrangements from August 2011 to the present. At that time, Plaintiff should be prepared to provide documentation regarding his living arraignment and his contribution(s)." (Br. in Supp. of Def.'s Mot. to Dismiss at 3, ECF No. 24).

Motion to Dismiss Plaintiff's Complaint [23] be **GRANTED**, Plaintiff's Complaint [1] be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Motion for Trial [8] be **DENIED AS MOOT.**

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the Recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff, and to any counsel of record, if applicable.

**DATED**: April 21, 2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE