IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALAN D. BRIDGFORD,

    Plaintiff,

v.                                        Civil Action No. 5:14CV121
                                                           (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
OVERRULING THE PLAINTIFF'S OBJECTIONS AND
DENYING AS MOOT THE PLAINTIFF'S MOTION FOR TRIAL**

I. Background

In this civil action, the pro se[1] plaintiff argues that the Social Security Administration ("SSA") failed to fully pay him his disability benefits. ECF No. 1. More specifically, the plaintiff believes that the SSA has deducted over $230.00 from his benefits because his living situation has changed. Under his initial determination for benefits, the plaintiff did not receive food and shelter by living with a non-relative. The SSA recently determined, however, that the plaintiff now receives those additional items. That change in living situation means that, since April 2012, his benefit amounts were reduced from approximately $674.00 a month to $465.00 a month to reflect the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

non-SSA "benefits" he received.  The plaintiff requests that the Court order the full "repayment" of benefits, including past benefits he allegedly did not receive.  In addition to his complaint, the plaintiff also filed a motion for a trial.  ECF No. 8.  The defendant then filed a motion to dismiss, which this Court referred to United States Magistrate Judge Robert W. Trumble.  ECF No. 25.  In the motion to dismiss, the defendant essentially argues that this Court lacks jurisdiction to review the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies.  The plaintiff then filed two responses to that motion to dismiss, titled "motion to grant initial request" and "objection to overrule Commissioner Carolyn W. Colvin motion to dismiss case." ECF Nos. 26 and 27, respectively.

The magistrate judge then entered a report and recommendation, recommending that the defendant's motion to dismiss be granted, that the plaintiff's complaint be dismissed without prejudice, and that the plaintiff's motion for trial be denied as moot.  ECF No. 28.  In particular, the magistrate judge found that the plaintiff did not exhaust his administrative remedies.  Therefore, the magistrate judge determined that this Court lacks jurisdiction, and thus cannot review the plaintiff's claim.  The plaintiff timely filed objections.  ECF No. 31.  In those objections, the plaintiff does not address the magistrate judge's determination that jurisdiction is lacking.  Rather, the plaintiff reasserts his

arguments as to why he should be entitled to a larger amount of benefits, and that the information presented in the motion to dismiss is inaccurate.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to the findings where no objections exist, however, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  333 U.S. 364, 395 (1948).

## III.  Discussion

As indicated earlier, the magistrate judge found that this Court lacks jurisdiction because the plaintiff failed to exhaust his administrative remedies.  Further, the plaintiff filed objections to the report and recommendation of the magistrate judge.  Those objections, however, do not address the specific findings of the magistrate judge.  Instead, the plaintiff merely

asserts why he should receive an increase in benefits. Therefore, this Court reviews the findings of the magistrate judge to which no objections were filed under a clearly erroneous standard of review.

Under 42 U.S.C. § 405(g), any individual may obtain review of "any **final decision** of the Commissioner of Social Security" by filing a civil action within 60 days of such decision (emphasis added). The critical requirement for reviewing a decision, however, is that the decision was a "final decision." See Weinberger v. Salfi, 422 U.S. 749 (1975) ("[A] 'final decision' is a statutorily specified jurisdictional prerequisite."). Until a final decision is reached by the Commissioner of Social Security, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h) (2012). The relevant regulations clearly provide the four steps of the administrative review process that must be satisfied in order to have a final decision. 20 C.F.R. § 416.1400(a)(1-5). Those steps are the following: (1) an initial determination as to eligibility for benefits; (2) reconsideration of that initial determination; (3) a hearing before an administrative law judge ("ALJ"); and (4) a review of the ALJ's decision by the Appeals Council. Id. at § 416.1400(a)(1-4). The regulation even states that when a claimant completes the four-step administrative review process, then the SSA has "made [its] final decision." Id. at

§ 416.1400(a)(5). Once a claimant pursues that administrative review process and obtains a final decision, he or she may seek review by a federal district court.

After reviewing the law described above and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" regarding the findings of the magistrate judge. United States Gypsum Co., 333 U.S. at 395. The statute and its regulations make it clear that a claimant must have exhausted the administrative review process before seeking review by a federal district court. Here, the plaintiff seeks review without having requested a reconsideration of the defendant's initial determination. Aside from his own statements, the plaintiff does not present any relevant evidence to the contrary. As the magistrate judge correctly concluded, the plaintiff has not exhausted the administrative review process and thus has yet to obtain a final decision. After reviewing the record, this Court finds that the magistrate judge's findings are not clearly erroneous. Accordingly, this Court must dismiss the plaintiff's complaint for lack of jurisdiction.

Even if this Court reviewed the plaintiff's claims under a de novo standard of review, the same conclusion is reached. In his objections, the plaintiff conclusively asserts that the defendant incorrectly determined his living situation. As proof of the defendant's error, the plaintiff included a copy of an application

for a post office box.  It appears that the plaintiff is attempting to dispute his personal address, and thus his living situation, that the defendant proffered in her motion to dismiss.  The plaintiff also seeks to refute claims that he did not complete the administrative review process.  The defendant, however, provided a declaration by an SSA employee, which stated that the agency records showed that the plaintiff completed only the initial determination step of review.  Other than his own statements and an alleged copy of his application for a post office box, the plaintiff proffers no evidence that the declaration is inaccurate.  Therefore, after reviewing the record, this Court finds that it is without jurisdiction to review the plaintiff's claim.  Thus, the plaintiff's complaint must be dismissed.

## IV. <u>Conclusion</u>

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 28) is AFFIRMED AND ADOPTED.  Therefore, the defendant's motion to dismiss (ECF No. 23) is GRANTED, and the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.  In addition, the plaintiff's objections (ECF No. 31) are OVERRULED.  Further, the plaintiff's motion for trial (ECF No. 8) is DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 14, 2015

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE